# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

November 1, 2023

Jeremy D. Eicher
Eicher Law LLC
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801

Frank E. Noyes, II
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801

Douglas D. Herrmann
Troutman Pepper Hamilton
Sanders LLP
1313 Market Street, Suite 5100
Wilmington, DE 19899

Jennifer C. Voss
Cliff C. Gardner
Elisa M. C. Klein
Skadden, Arps, Slate, Meagher &
Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE 19801

> Re:    *In re TransPerfect Global, Inc.*,
>         C.A. Nos. 9700-CM, 10449-CM

Dear Counsel:

This letter resolves Respondent TransPerfect Global, Inc.'s objections to Former Custodian Robert Pincus's fee petitions for legal expenses incurred from April 2023 through June 2023.[1] For the reasons stated below, TransPerfect's objections are overruled.

The court assumes the reader's familiarity with the extensive procedural history of the above-referenced lawsuits and points readers to the court's August 7,

---

[1] *See* C.A. No. 9700-CM, Docket ("Dkt.") 1762 (April 2023 Objections); Dkt. 1763 (May 2023 Objections); Dkt. 1764 (June 2023 Objections). Civil Action Numbers 9700-CM and 10449-CM have been litigated in a coordinated fashion since their inception. Docket entries refer to C.A. No. 9700-CM.

2023 letter decision that resolved TransPerfect's objections to the Former Custodian's January 2021 through March 2023 fee petitions.[2]

TransPerfect's newest objections regurgitate many of the same arguments this court previously rejected.[3] Through its current opposition, TransPerfect raises six objections. Both the April 30, 2021 and August 7, 2023 decisions addressed most, if not all of the issues raised here, and the logic of those opinions apply with equal force.[4] TransPerfect's objections are overruled for the following reasons.

First, TransPerfect argues that fees related to the Securities Action are categorically improper.[5] TransPerfect acknowledges that this argument is simply a rehashing of those arguments previously made and rejected in the August 7, 2023 letter decision.[6] They are rejected again for the reasons set out in the August 7, 2023 letter decision.

Second, TransPerfect argues that the Former Custodian should not be permitted to personally "profit" from his prior position any longer.[7] Indirectly,

---

[2] *In re TransPerfect Glob., Inc.*, 2023 WL 5017248, at *1 (Del. Ch. Aug. 7, 2023), *reargument, clarification, entry of final judgment, and stay pending appeal denied*, 2023 WL 6387785 (Del. Ch. Sept. 22, 2023).

[3] *In re TransPerfect Glob., Inc.*, 2021 WL 1711797, at *1 (Del. Ch. Apr. 30, 2021), *recons. denied,* 2021 WL 2030094 (Del. Ch. May 21, 2021), *aff'd sub nom. TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630 (Del. 2022), *cert. denied*, 143 S. Ct. 574 (2023).

[4] *See In re TransPerfect,* 2023 WL 5017248, at *2–3.

[5] April 2023 Objections at 6–9; June 2023 Objections at 4–7.

[6] April 2023 Objections at 6; *In re TransPerfect*, 2023 WL 5017248, at *3–6.

[7] April 2023 Objections at 9.

TransPerfect objects to the Former Custodian's invoice reflecting a minimal amount of time spent on this litigation. The vast majority of the Former Custodian's current bills seek reimbursement for attorney's fees and expenses incurred in this litigation or in connection with the Securities Action filed against him by a TransPerfect affiliate. All together, these requests are not unreasonable. They all fall squarely under this court's February 15, 2018 Order, as the court previously held.[8]

Third, TransPerfect argues that Troutman Pepper billed excessive fees to oppose William & Connolly's demand for fees related to the Securities Action.[9] Along with its billing statements, Troutman Pepper submitted an affidavit from Douglas D. Herrmann certifying that the amounts invoiced were actually incurred and reasonable.[10] There is no reason to question that certification. Further, the court previously rejected TransPerfect's objections to timekeepers working (and billing) ten or more hours in one day[11] and partners performing work it says could have been

---

[8] *In re TransPerfect*, 2023 WL 5017248, at *3 (citing Dkt. 1243 ¶ 7).

[9] April 2023 Objection at 9–12.

[10] Dkt. 1759, Ex. C ¶¶ 3–4.

[11] *In re TransPerfect Global, Inc.*, 2021 WL 1711797, at *33. TransPerfect relies on *Parfi Holding AB v. Mirror Image Internet, Inc.,* 954 A.2d 911 (Del. Ch. 2008). April 2023 Objections at 11. But there, the court reduced the fee award because of a "personal situation faced by a senior lawyer on the case" that had the effect of creating extra expenses which the court found "should not be borne by the plaintiff." 954 A.2d at 944. That issue was not present here.

performed by associates or paralegals.[12]  The court rejects those arguments for the reasons previously stated.

TransPerfect also objects to redactions made to Troutman Pepper's timesheets, arguing that "it is unclear what work was performed . . . because Troutman baselessly redacted its billing records."[13]  But the November 1, 2019 confidentiality order allows the custodian to redact certain information "the Custodian deems in good faith to be privileged or of a sensitive nature[.]"[14]  The court has reviewed the billing statements and they appear to contain limited redactions that do not affect the clarity of the billing statements.

Fourth, TransPerfect objects to the Former Custodian's request for fees-on-fees.[15]  It is true, as the court previously observed during the March 2, 2021 oral argument, that it "would be atypical to charge . . . a client" for "the generation of an invoice[.]"[16]  But fees-on-fees, which are fees incurred in the process of enforcing one's right to advancement, are acceptable.  Here, the Former Custodian is not seeking advancement for Troutman Pepper's "preparing billing statements, running the bills,

---

[12] *In re TransPerfect Global, Inc.*, 2021 WL 1711797, at *35 (holding the court would not "second-guess the judgment of more senior attorneys in how to delegate legal tasks, such as researching and drafting, to associate attorneys" (citing *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *13 (Del. Ch. Feb. 13, 2018)).

[13] April 2023 Objection at 12; May 2023 Objections at 7–9.

[14] Dkt. 1399 ¶ 3(a).  In the court's August 7, 2023 letter decision, the court found the redactions of names permissible.  *In re TransPerfect*, 2023 WL 5017248, at *6.

[15] April 2023 Objections at 13–14.

[16] Dkt. 1595 at 139; April 2023 Objections at 13.

[or] preparing charts."[17]   Rather, he is seeking fees-on-fees incurred to respond to TransPerfect's objections.[18]

Fifth, TransPerfect objects to Williams & Connolly's fees as unreasonable.[19] Along with its billing statements, Williams & Connolly submitted an affidavit from Charles Davant IV certifying that the amounts invoiced were actually incurred and reasonable.[20]   There is no reason to question that certification.   TransPerfect cites four cases in support of its arguments, but each are readily distinguishable.[21]   To the

---

[17] Dkt. 1595 at 138–39.

[18] *Id.* at 139 (finding "monthly custodian reports" and "narrative piece" properly billable); *see, e.g.,* Dkt. 1759, Ex. C at 12 (billing for "Draft[ing] Answering Brief in Opposition to TPG's Objections to Fee Petition").   TransPerfect regurgitates its argument that the fees billed are unique to TransPerfect and that other clients are not billed for similar work.   June 2023 Objections at 2 ("Such fees are excessive, are not reasonable, and would not be charged to a paying client."); April 2023 Objections at 13 ("None of Troutman's other clients would be charged or pay any amount, let alone more than $11,700 for Troutman to prepare its invoices for payment for fees they have already been charged.").   This argument fails as it has already been raised and rejected by this court.   *See In re TransPerfect*, 2023 WL 5017248, at *5.   It also fails in light of Williams & Connolly and Troutman Pepper's affidavits to the contrary. Dkt. 1759, Ex. B ¶ 3 (Williams & Connolly); Dkt. 1759, Ex. C ¶ 4 (Troutman Pepper).

[19] June 2023 Objections at 10–12.

[20] Dkt. 1759, Ex. B ¶¶ 2–3.

[21] June 2023 Objections at 10–12 (citing *Richmont Cap. P'rs I, L.P. v. J.R. Invs. Corp.*, 2004 WL 1152295 (Del. Ch. May 20, 2004); *Parfi Hldg. AB*, 954 A.2d 911; *In re Express Financial Services, Inc.*, 2009 WL 8556805 (Bankr. W.D. Pa. Feb. 13, 2009); *In re McGuier*, 346 B.R. 151 (Bankr. W.D. Pa. 2006)).   In *Richmont*, the court reduced the fees awarded after finding "a substantial portion of the fees and expenses incurred by the defendants in connection with the Delaware actions was the result of a tactical decision made not necessitated by the plaintiffs' actions."   2004 WL 1152295, at *3. Here, the fees and expenses incurred are directly in response to TransPerfect's own actions.   In *Parfi Holding AB*, the court reduced a fee award because of a "personal situation faced by a senior lawyer on the case" that had the effect of creating extra expenses which the court found "should not be borne by the plaintiffs."   954 A.2d at

extent that TransPerfect objects to "dead" travel time, this court has already held that "[i]t is common practice to bill for 'dead' travel time where, for whatever reason, the attorney was unable to perform other work during that time."[22]

Sixth, TransPerfect argues that the court should adopt the recommendations set out in the reports of David Paige and Jerome C. Studer.[23] Because the reasonableness of a fee petition is a matter of judicial discretion, the court need not rely on experts in making that determination.[24] The court nevertheless reviewed the Paige Report in the interest of completeness. The Paige Report argues that the fee petitions should have "an overall reduction of 20%" because counsel engaged in "block billing and vaguely described fee entries."[25] As explained above, the court has

---

944. Here, Williams & Connolly attorneys and staff spent a reasonable amount of time on work they performed. In *In re Express Financial Services, Inc.*, the court found the time billed was excessive because "[t]here was no opposition to either the Motion to Intervene or the Motion to Deposit Funds." 2009 WL 8556805, at *5. Here, the action is being actively litigated and opposed. In *In re McGuier,* the time incurred was in connection with a relatively minor evidentiary hearing. 346 B.R. at 155. Here, the motion at issue—a motion to dismiss—was dispositive and heavily litigated. TransPerfect also cites to *PVI, Inc. v. Ratiopharm GmbH* for the proposition that Delaware courts do not allow fees for "everything paid to attorneys." June 2023 Objections at 11 (citing 253 F.3d 320, 329–30 (8th Cir. 2001)). Although that proposition is true, the fees here are reasonable.

[22] *In re TransPerfect*, 2021 WL 1711797, at *33 (alteration in original) (quoting *Lillis v. AT&T Corp.*, 2009 WL 663946, at *6 (Del. Ch. Feb. 25, 2009)).

[23] April 2023 Objections at 14; May 2023 Objections at 9–10; June 2023 Objections at 12–13.

[24] *See Mahani v. Edix Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007) (reviewing fee award under an abuse of discretion standard and examining whether the trial court "failed to assess the reasonableness of the fees and expenses or that his determination that the fees and expenses were reasonable was capricious or arbitrary").

[25] Dkt. 1762, Ex. C (Paige Report) at 2.

reviewed the fee affidavits and billing statements at issue along with TransPerfect's expert report. The affidavits appear reliable, and after considering the DLRPC Rule 1.5(a) factors, the fees appear reasonable. The court would have reviewed the Studer Report, which TransPerfect states was attached as Exhibit D, but that report was not in fact attached to TransPerfect's filing.[26]

For the foregoing reasons, TransPerfect's objections are overruled, and the court will enter the proposed order dated July 24, 2023.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc: All counsel of record (by *File & ServeXpress*)

---

[26] In its reply brief, TransPerfect cites to Studer's April 21, 2023 expert report instead of the August 2023 report referenced in its opening brief. Dkt. 1773 at 2–3; April 2023 Objections at 14 (discussing August 2023 Studer expert report). To the extent TransPerfect asks the court to review the April 21, 2023 Studer Report, which concerned the fee petition objections previously decided, the court has already done so. *See In re TransPerfect*, 2023 WL 5017248, at *1 (resolving the January 2021 through March 2023 fee petition objections).